# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ALBERT L. BRINKMAN,**

    **Plaintiff,**

    v.                                                      **CASE NO. 18-3246-SAC**

**JAYMEE HABERER, et al.,**

    **Defendants.**

## ORDER

On December 14, 2018, the Court entered a Statement Noting a Party's Death (Doc. 20), noting the death during the pendency of this action of Plaintiff Albert L. Brinkman on November 20, 2018. The Court noted that pursuant to Rule 25(a)(1), a motion for substitution may be made by any party or by the Plaintiff's successor or representative; and if no motion is made within ninety (90) days the action will be dismissed.

There has been no motion for substitution filed since the filing of the Statement Noting a Party's Death. However, fellow inmate Patrick C. Lynn filed a "Motion for Joinder of Parties" (Doc. 16) and "Motion for Joinder of Parties and Lead Plaintiff Substitution" (Doc. 23), seeking to join this action under Fed. R. Civ. P. 20(a)(1)(A) and (B). Rule 20(a) provides that:

> (1) **Plaintiffs.** Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A) and (B). Lynn claims that he has "the same claims against the same defendants, & the same questions of law & fact" as those asserted in the instant case. However, nothing in Lynn's motion suggests that his claims are with respect to or arising out of the "same transaction, occurrence, or series of transactions or occurrences." Plaintiff takes issue with not

being allowed to inspect his medications before they are placed in a "slush cup" and provided to Plaintiff. Plaintiff alleges incidents occurring on June 19, July 7, and September 12 and 13, 2018. Lynn takes issue with the "slush cup" method being utilized following his transfer to EDCF on September 13, 2018. Lynn also makes claims regarding his heart medication not being "kept on person" and about the requirement that he "squat and bend over" as part of the strip-out procedure.

The instant case has not passed screening, the filing fee has not been paid, and no defendants have been served. Both Plaintiff and Lynn are subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Accordingly, neither may proceed in forma pauperis unless they establish a threat of imminent danger of serious physical injury. The Court notes that Lynn has a pending case dealing with his claims. *See Lynn v. Cline*, 19-3003-CM (D. Kan.). Lynn's motions to join in this action are denied. The Court finds that this matter may be dismissed as contemplated by Fed. R. Civ. P. 25(a).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed.**

**IT IS FURTHER ORDERED** that Patrick C. Lynn's "Motion for Joinder of Parties" (Doc. 16) and "Motion for Joinder of Parties and Lead Plaintiff Substitution" (Doc. 23) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is moot and therefore **denied.**

**IT IS SO ORDERED**.

**Dated on this 15th day of March, 2019, in Topeka, Kansas.**

>  s/ Sam A. Crow
>  SAM A. CROW
>  U. S. Senior District Judge